UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL ANGEL DE LANCER<br><br>Plaintiff,<br><br>- against –<br><br>THE MORGAN GROUP LLC., LYNSEY LEE LTD., SID-JON PROPERTIES ASSOCIATES, LLC, 1240 SHERMAN AVE. BRONX LLC, 600 TRINITY AVENUE, LLC, 600 TRINITY LLC, 230 E. 167 LLC, JLP METRO MANAGEMENT, INC.  J.A.M. ASSOCIATES LLC. DENALI MANAGEMENT, LLC, DAVID TENNENBAUM, ABC CORP 1, AND ABC CORP 2<br><br>Defendants. | Index No.<br><br>**VERIFIED COMPLAINT**<br><br>**Jury Trial Demanded** |

Miguel De Lancer ("Plaintiff"), by and through his undersigned attorneys, The Law Office of Delmas A. Costin, Jr., P.C. files this complaint against Defendants the Morgan Group LLC., ("Morgan Group"), Lynsey Lee LTD ("Lynsey"), Sid-Jon Properties Associates, LLC, ("Sid-Jon") 230 E. 167 LLC, ("230 E"), 1240 Sherman Ave. Bronx LLC., ("1240 Sherman"), 600 Trinity Avenue, LLC, ("600 Trinity Ave"), 600 Trinity LLC, ("600 Trinity"), JLP Metro Management, Inc., ("JLP"),  J.A.M. Associates LLC., ("J.A.M"), Denali Management, LLC, ("Denali") David Tennenbaum, (Tennenbaum) ABC Corp 1, And ABC Corp 2  ("Collectively Defendants") and states as follows:

### PRELIMINARY STATEMENT

1. For years Defendants refused to pay Miguel De Lancer his lawful wages. Defendants employed Miguel Delancer as porter for five different locations through the years of 2019 and 2024. Plaintiff worked at a residential building located at 230 E. 167th Street, Bronx, NY., 600 Trinity Avenue, Bronx, NY., 1240 Sherman Avenue, Bronx, NY., 1210 Sherman Avenue, Bronx, NY., and 1230 Teller Avenue, Bronx, NY.  Mr. De Lancer worked for Defendants for approximately 6 years. Plaintiff was not fully compensated for the work he performed. Mr. De Lancer worked no

less than 50 hours per week, seven (7) days a week. Defendants failed to pay Plaintiff the New York State minimum wage. Defendants also failed to pay Plaintiff an overtime premium required by federal and New York State law.

2. Miguel De Lancer alleges, pursuant to the Fair Labor Standard Act ("FLSA") 29 U.S.C. §2l6(b), that he is entitled to recover from Defendants (1) declaratory relief, (2) unpaid wages (3) Overtime (4) liquidated damages, (5) prejudgment interest, 6) attorneys' fees and costs, and other appropriate legal and equitable relief.

3. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), Article 6 §§ 190 et seq., Article 7 §§ 200 et seq., Article 19 §§650 et seq. he is entitled to recover from Defendants (1) unpaid wages, (2) liquidated damages, (3) Overtime (4) back pay, (5) pre-judgment interest, (6) attorneys' fees and costs and all other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §2l6(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Miguel De Lancer is a natural person and currently a resident of the County of Bronx.

7. Defendant Morgan is a domestic limited liability company which manages residential apartment buildings throughout the Bronx.

8. Defendant Morgan Group is the managing agent for a residential apartment building located at 1210 Sherman Avenue and 1230 Teller Avenue.

9. Upon information and belief, Defendant Morgan Group owns the property located at 230 E. 167th Street, 600 Trinity Avenue, and 1210 Sherman Avenue.

10. Defendant Lynsey is a domestic limited liability company which owns a residential apartment building located at 1230 Teller Avenue, Bronx, NY.

11. Defendant Sid-Jon is a limited liability company which owns a residential apartment building located at 230 E. 167th Street, Bronx, NY.

12. Defendant 1240 Sherman is a limited liability company which owns a residential apartment building located at 1240 Sherman Avenue, Bronx, NY.

13. Defendant 600 Trinity Ave is a limited liability company which owns a residential apartment building at 600 Trinity Avenue, Bronx, NY.

14. Defendant 600 Trinity is a limited liability company which owns a residential apartment building at 600 Trinity Avenue, Bronx, NY.

15. Defendant 230 E. is a limited liability company which owns a residential apartment building at 230 E. 167th Street, Bronx, NY.

16. Defendant JLP is the managing agent of a residential apartment located at 1240 Sherman Avenue, Bronx, NY.

17. Upon information and belief Defendant JLP owns a residential apartment building located at 1240 Sherman.

18. Defendant J.A.M. is a limited liability company which owns a residential apartment building located at 1210 Sherman Avenue, Bronx, NY.

19. Defendant Denali is a limited liability company which owns a residential apartment building at 230 E. 167th Street, Bronx, NY.

20. Defendant Tennenbaum is the managing agent of a residential apartment building located at 600 Trinity Avenue, Bronx, NY.

21. Defendant Tennenbaum is a principal of Defendant Denali and Defendant 600 Trinity Avenue.

22. Defendant ABC 1 is the managing agent for a residential apartment building located at 230 E. 167th Street, Bronx, NY.

23. Defendant ABC 2 is the managing agent for a residential apartment building located at 600 Trinity Avenue, Bronx, NY.

24. Upon information and belief, Defendant Denali owns a residential apartment building located at 600 Trinity Avenue, Bronx, NY.

25. At all times relevant to this action, Defendants were employers of Miguel De Lancer pursuant to the FLSA, and NYLL.

26. At all times relevant to this action, Miguel De Lancer was an employee of Defendants pursuant to FLSA, and NYLL.

## STATEMENT OF THE FACTS

27. Defendants Morgan and Lynsey employed Plaintiff as a porter for the time period of September 2019 through April 2024.

28. De Lancer' job duties included mopping and sweeping the property, collecting, and recycling the garbage.

29. De Lancer assisted the Superintendent, Luis Abreu, when needed.

30. De Lancer was qualified for his position.

31. De Lancer performed his job in a satisfactory manner.

32. Defendants Morgan and Lynsey issued pay checks to pay De Lancer' wages.

33. Upon information and belief Defendant Tennenbaum directed staff to assign tasks to De Lancer.

34. Defendants have the power to hire and fire employees.

35. All property managers directed Plaintiff's work, ensured Plaintiff did his work and handled Plaintiff's pay, among other things.

36. Defendants determined the rate and method of payment.

37. Defendants maintained employment records.

38. Defendants' employees directed De Lancer's work.

39. De Lancer never received any written discipline from Defendants.

### I.   Defendants Failed to Pay Miguel De Lancer for All Hours Worked.

**September 2019 to June 2020**
**230 Sherman Avenue**

40. De Lancer worked at 230 Sherman Avenue, Bronx, NY for the time period of September 2019 through June 2020.

41. De Lancer worked from 7:30 a.m. to 4:00 p.m. Mondays through Fridays, 7:30 a.m. to 4:00 p.m. On Saturday, he worked from 8:00 a.m. to 2:00 p.m. On Sundays he worked from 8:00 a.m. to 3:00 p.m.

42. De Lancer worked one extra hour on Tuesdays, Fridays and Sundays. He worked from 7:00 p.m. to 8:00 p.m., taking the garbage out.

43. De Lancer had one hour lunch.

44. De Lancer worked no less than 8 hours per day.

45. De Lancer worked seven days per week.

46. De Lancer worked no less than 50 hours per week for the time period of 2019 through June 2020.

47. Defendants Morgan and Lynsey paid De Lancer $300.00 per week without regard to the number of hours he worked.

48. De Lancer made multiple requests for a pay rise to Clift, all of which were ignored.

**June 2020-June 2021**
**600 Trinity Avenue**

49. De Lancer worked at 600 Trinity Avenue, Bronx, NY for the time period of June 2020 through June 2021.
50. De Lancer worked from 7:30 a.m. to 4:00 p.m. Mondays through Fridays, 7:30 a.m. to 4:00 p.m. On Saturday, he worked from 8:00 a.m. to 2:00 p.m. On Sundays he worked from 8:00 a.m. to 3:00 p.m.
51. De Lancer worked one extra hour on Tuesdays, Fridays and Sundays. He worked from 7:00 p.m. to 8:00 p.m., taking the garbage out.
52. De Lancer had one hour lunch.
53. De Lancer worked no less than 8 hours per day.
54. De Lancer worked seven days per week.
55. De Lancer worked no less than 50 hours per week for the time period of June 2021 through June 2021.
56. Defendants Morgan and Lynsey paid De Lancer $300.00 per week without regard to the number of hours he worked.

### June 2021-January 2022
### 1240 Sherman Avenue

57. De Lancer worked at 1240 Sherman Avenue for the time period of June 2021 through January 2022.
58. De Lancer worked from 7:30 a.m. to 4:00 p.m. Mondays through Fridays, 7:30 a.m. to 4:00 p.m. On Saturday, he worked from 8:00 a.m. to 2:00 p.m. On Sundays he worked from 8:00 a.m. to 3:00 p.m.
59. De Lancer worked one extra hour on Tuesdays, Fridays and Sundays. He worked from 7:00 p.m. to 8:00 p.m., taking the garbage out.
60. De Lancer had one hour lunch.
61. De Lancer worked no less than 8 hours per day.
62. De Lancer worked seven days per week.
63. De Lancer worked no less than 50 hours per week for the time period of June 2021 through January 2022.

64. Defendants Morgan and Lynsey paid De Lancer $300.00 per week without regard to the number of hours he worked.

**January 2022 to April 2024**
**1210 Sherman Avenue**

65. De Lancer worked at 1210 Sherman Avenue for the time period of January 2022 through April 2024.
66. De Lancer worked from 7:30 a.m. to 4:00 p.m. Mondays through Fridays, 8:30 a.m. to 3:00 p.m. On Saturday, he worked from 8:00 a.m. to 2:00 p.m. On Sundays he worked from 8:30 a.m. to 3:00 p.m.
67. De Lancer worked one extra hour on Tuesdays, Fridays and Sundays. He worked from 7:00 p.m. to 8:00 p.m., taking the garbage out.
68. De Lancer had one hour lunch.
69. De Lancer worked no less than 8 hours per day.
70. De Lancer worked seven days per week.
71. De Lancer worked no less than 53 hours per week for the time period of De Lancer worked at 1210 Sherman Avenue for the time period of January 2022 through April 2024.
72. Defendants Morgan and Lynsey paid De Lancer $320.00 per week without regard to the number of hours he worked.

**January 2023 to February 2024**
**1230 Teller Avenue**
**1210 Sherman**

73. De Lancer worked at 1230 Teller Avenue for the time period of January 2023 through February 2024.
74. De Lancer worked two days per week.
75. De Lancer worked approximately 4 hours per day.
76. De Lancer worked from 7:30 a.m. to 4:00 p.m. Mondays through Fridays, 8:30 a.m. to 3:00 p.m. On Saturday, he worked from 8:00 a.m. to 2:00 p.m. On Sundays he worked from 8:30 a.m. to 3:00 p.m.

77. De Lancer worked one extra hour on Tuesdays, Fridays and Sundays. He worked from 7:00 p.m. to 8:00 p.m., taking the garbage out.

78. De Lancer had one hour lunch.

79. De Lancer worked no less than 8 hours per day.

80. De Lancer worked seven days per week.

81. De Lancer worked no less than 53 hours per week for the time period of De Lancer worked at 1210 Sherman Avenue for the time period of January 2022 through April 2024.

82. For the time period of January 2023 through February 2024, Defendant Morgan and Lynsey paid De Lancer $480.00 per week because he was working in two locations at the same time. (1230 Teller Avenue and 1210 Sherman Avenue).

83. For the time period of February 2024 through April 2024 Defendants paid De Lancer the amount of $320.00 per week for the work performed.

84. Defendants did not fully compensate De Lancer for the work he performed on the properties.

85. Defendants failed to pay De Lancer his wages.

86. Defendants paid De Lancer a fixed amount each week regardless of the number of hours he worked in excess of 40 hours per week.

87. Defendants failed to pay De Lancer' full overtime premium.

88. Ultimately, Plaintiff was forced to resign in April 2024 due to Defendants continued refusal to increase his pay or compensate him fairly for the hours worked.

## Defendants' Actions Violated the FLSA and the NYLL

89. The provisions set forth in the FLSA and supporting federal regulations apply to Defendants and protect Plaintiff.

90. The wage provisions of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiff.

91. The work performed by Plaintiff was non-exempt as defined by the FLSA, NYLL and the implementing regulations.

92. Plaintiff was neither responsible for, nor allowed to make, relevant decisions regarding policy, procedures, or protocol.

93. Plaintiff was subject to the control, policies, and procedures of Defendants in making decisions in the course of their employment.

94. Defendants were aware of the number of hours that Plaintiff worked each week.

95. Defendants failed to ensure that he was paid for all hours worked.

96. Plaintiff was and is entitled to be paid for all hours they worked for Defendants.

97. Plaintiff is entitled to be paid (i) at their regular rate of pay for all hours worked less than forty (40) in a week, and (ii) the greater of one and a half times the minimum wage or their regular rate of pay for each hour worked in excess of forty (40) hours in any workweek pursuant to the FLSA, NYLL and the implementing regulations.

98. Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

99. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, NYLL and the associated regulations.

100. Defendants failed to give Plaintiff a written notice of any credits as required by the NYLL and the implementing regulations.

101. Defendants failed to post and/or keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U. S. Department of Labor in violation of FLSA §203(m) and supporting regulations, including but not limited to 29 CFR §516.4.

102. At all relevant times, Defendants failed to post and/or keep posted in places regularly assessable to Plaintiff notices issued by the Department of Labor about wage and hour laws, tip

appropriations, illegal deduction provisions and any other labor laws that the Commissioner shall deem appropriate, in violation of 12 NYCRR §142-2.8.

103. Defendants are not entitled to any credits to the minimum wage.

104. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

105. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in the Complaint are unlawful. Defendants had not made a good faith effort to comply with the FLSA and NYLL with respect to the compensation of Plaintiff.

106. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to FLSA §225.

107. Plaintiff was and is entitled to be paid for all hours he worked for Defendants.

108. At all relevant times, Defendants failed to post and/or keep posted in places regularly assessable to Plaintiff "notices issued by the Department of Labor about statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions, and net wages. in violation of 12 N.Y.C.R.R. §141.2.2.

### FIRST CAUSE OF ACTION

**Fair Labor Standards Act**
**Failure to Pay Overtime**

109. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all

preceding paragraphs.

110. Defendants failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours in a work week.

111. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for hours worked in excess of forty (40) hours per workweek in violation of 29 U.S.C. §§206 and 207

112. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in the Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

113. As a result of Defendants' FLSA violations, Plaintiffs have suffered damages, specifically overtime wages, in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, in addition to, liquidated damages, prejudgment interest, post-judgement interest, attorneys' fees, costs, and other compensation pursuant 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**New York Labor Law**
**Failure to Pay Wages**

114. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

115. Manual workers are required to be paid all wages within one week of work pursuant to §191(a).

116. Defendants willfully failed to pay Plaintiff all wages as defined in NYLL § 190 (1).

117. Defendants were required to pay Plaintiff at least the minimum wage at a rate of (a) $13.50 per hour for the time period December 31, 2018 through December 30, 2019; $15 per hour for the time period December 31, 2019 through December 30, 2023; $.16 per hour for the time period December 31, 2023 through December 30, 2024; $.16.50 per hour for the time period December 31, 2024 through the present; under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §141-1.2.

118. Defendants were required to pay Plaintiff at least the minimum wage at a rate of (a) $13.50 per hour for the time period December 31, 2018 through December 30, 2019; $15 per hour for the time period December 31, 2019 through December 30, 2023; $.16 per hour for the time period December 31, 2023 through December 30, 2024; $.16.50 per hour for the time period December 31, 2024 through the present; through the present under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §141-1.3, 12 N.Y.C.R.R §142-2.1 or 12 N.Y.C.R.R §146-1.2.

119. By Defendants' knowing or intentional failure to pay Plaintiff minimum hourly wages, they have willfully violated the NYLL Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

120. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

121. As a result of Defendants' willful and unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery

of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to the NYLL.

### THIRD CAUSE OF ACTION

**Violation of New York Labor Law**
**Failure to Pay Overtime**

122. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all preceding paragraphs.

123. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs.

124. Defendants failed to pay Plaintiff's overtime wages to which Plaintiffs are entitled under the NYLL and supporting New York State Department of Labor regulations.

125. Through its knowing and/or intentional failure to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week, Defendants have willfully violated the NYLL Article 19, §§650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to 12 NYCRR §141-1.4, 12 NYCRR §142-2.2 or 12 NYCRR §146-1.4.

126. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, in addition to liquidated damages, prejudgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§198 and 652.

### FOURTH CAUSE OF ACTION

**New York Labor Law**
**Notice & Wage Statement Violations**

127. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all preceding paragraphs.

128. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs.

129. Defendants failed to pay Plaintiff's overtime wages to which Plaintiffs are entitled under the NYLL and supporting New York State Department of Labor regulations.

130. Through its knowing and/or intentional failure to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week, Defendants have willfully violated the NYLL Article 19, §§650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to 12 NYCRR §141-1.4, 12 NYCRR §142-2.2 or 12 NYCRR §146-1.4.

131. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, in addition to liquidated damages, prejudgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§198 and 652.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;
b. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;
c. An award of minimum unpaid wages and overtime compensation due under the FLSA, NYLL, 22 NYCRR Part 141 and the settlement agreement;
d. An award of liquidated and/or punitive damages as a result of Defendant' willful failure to pay minimum wage and overtime compensation pursuant to FLSA and NYLL §§ 198 (1-a) 663 and the settlement agreement;

e. An award of damages for notice and wage statement violations pursuant to NYLL § 195;

f. An award of unpaid "spread of hours" premium due under the NYLL;

g. An award of prejudgment and post judgment interest pursuant to the FLSA and NYLL §§ 198(1-a) and 663;

h. An award of damages for breach of contract and unjust enrichment;

i. An award of such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Date: Bronx, NY
  August 20, 2025

                The Law Offices of Delmas A. Costin, Jr., PC

              By: **/s/ Delmas A. Costin, Jr.**
                Delmas A. Costin, Jr.
                930 Grand Concourse
                Suite 1B
                Bronx, NY 10451
                (718) 618-0589 (O)
                (347) 510-0099 (F)
                dacostin@dacostinlaw.com

                *Attorneys for Plaintiff*